UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE ZIYAO JIANG, <br><br>                    Plaintiff. | 25-CV-3881 <br> 25-CV-3878 <br> 25-CV-3877 <br><br> ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Ziyao Jiang, a resident of Flushing in Queens County, New York, is proceeding *pro se* and *in forma pauperis* ("IFP"). He has filed 20 *pro se* complaints in this court since April 27, 2025. This order addresses the three of those cases.[1] The Court dismisses these cases for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v.*

---

[1] By order dated May 9, 2025, the Court dismissed 16 complaints for failure to state a claim and as frivolous, and ordered Plaintiff to show cause why a filing injunction should not be imposed against him. *Jiang v. New York City Police Dep't*, ECF 1:25-CV-3517, 9 (LTS) (S.D.N.Y. May 9, 2025) ("*Jiang I*"). By order dated June 9, 2025, the Court entered the bar order, effective as of May 9, 2025. *Id.*, ECF 15. Although Plaintiff filed these three cases prior to May 9, 2025, the Court was not aware of them on May 9, 2025, due to a docketing delay. Plaintiff has filed a slew of motions and other submissions in all of his cases. *See also Jiang v. Central Gov't of P.R. China*, No. 25-CV-4237 (LTS) (S.D.N.Y. filed May 15, 2025).

*Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

This order addresses three complaints: *Jiang v. St. Jude Children's Research Hosp.*, No. 25-CV-3881 (S.D.N.Y. filed May 6, 2025); *Jiang v. Berkheimer Tax Innovations*, No. 25-CV-3878 (S.D.N.Y. filed May 5, 2025); *Jiang v. Xiang Ning Clinic*, No. 25-CV-3877 (S.D.N.Y. filed May 5, 2025). Although these three complaints name different defendants from each other and from the other complaints that Plaintiff filed in this court, they are substantially similar in most other respects. Plaintiff seeks money damages, mostly from private entities and individuals, for allegedly engaging in criminal acts and other misconduct, including but not limited to, murder, robbery, stalking, harassment, perjury, and identity theft. The complaints are one to two pages long and include attachments of photographs of streets, houses, cars, and individuals, with lists of dates, times, locations, and car license plates.

For example, in *St. Jude Children's Research Hosp.*, No. 25-CV-3881, Plaintiff seeks money damages from a Tennessee hospital, based on the following allegations:

> Defendant cyber stalk and inter-state stalk Plaintiff and high frequently threat, suspicious organized crime includes perjury, murder, health care fraud, armed robbery, and scam, and is suspect of unregistered foreign agent.
>
> Due to Defendant' suspicious crime at Plaintiff, I claims $6,000,000 compensation totally, includes compensation for murder, rob; lost of investment, job, career, business and ID, mental loss; stalking, threat.

ECF 1 at 1.

In *Jiang v. Berkheimer Tax Innovations*, No. 25-CV-3878, Plaintiff makes similar allegations against a private entity located in Bangor Pennsylvania, ECF 1 at 1; in *Jiang v. Xiang Ning Clinic*, No. 25-CV-3877, he levels those allegations against an entity located in Flushing, Queens. ECF 1 at 1. Plaintiff has filed multiple motions in these cases seeking various forms of relief.

## DISCUSSION

The Court dismisses these complaints because they do not comply with federal pleading rules, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and because Plaintiff's allegations are frivolous, 28 U.S.C. §1915(e)(2)(B)(i); *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). The Court refers Plaintiff to the reasoning set forth in *Jiang I*, 25-CV-3517, ECF 9. In short summary, Plaintiff cites no federal law and asserts no cognizable causes of action, and his allegations do not suggest any claims falling within this Court's jurisdiction. He names defendants without stating facts showing that they were involved personally in violating his federally protected rights.

Plaintiff alleges that various entities in New York, Pennsylvania, and Tennessee are stalking him, committing murder and perjury, and harming him in other ways. However, a "[p]laintiff's beliefs − however strongly he may hold them − are not facts." *Morren v. New York Univ.*, No. 20-CV-10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report and recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022). Plaintiff provides no factual basis for his assertions that Defendants have victimized him. *See Lefkowitz v. John Wiley & Sons, Inc.*, No. 13-CV-6414 (KPF), 2014 WL 2619815, at *10 (S.D.N.Y. June 2, 2014) (complaint must set forth facts showing basis for information and belief).

The Court therefore dismisses Plaintiff's complaints for failure to state a claim and as frivolous.

## LEAVE TO AMEND DENIED

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). There is no indication that if Plaintiff were given an opportunity to amend any of these complaints that he would be able to state a plausible claim arising under federal law. Because the defects in Plaintiff's complaints cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend any of his complaints. *See Dwyer v. United Kingdom Gen. Commc'ns Headquarters*, No. 22-3012, 2024 WL 259693, at *1 n.1 (2d Cir. Jan. 24, 2024) ("While our cases generally discourage . . . dismissing an action *sua sponte* without notice and opportunity to respond, *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 82 (2d Cir. 2018), we have recognized exceptions for 'unmistakably' defective pleadings, *id.*, and serial litigation that 'reassert[s]' claims previously dismissed, *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000).").

## CONCLUSION

The Court dismisses these three complaints as frivolous and for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (ii). The Clerk of Court is directed to terminate all pending motions, and to docket this order in each of these three cases.

Plaintiff is barred from filing any new action IFP without prior leave of court, *Jiang v. New York Police Dep't*, ECF 1:25-CV-3517, 15 (LTS) (S.D.N.Y. June 9, 2025). He is warned that the continued submission of frivolous documents may result in the imposition of additional sanctions, including monetary penalties.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter civil judgment dismissing these complaints.

SO ORDERED.

Dated: June 13, 2025
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge